STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |
|---|---|
| In re Applications of Powell, Urquhart & Dow } | Docket No. 181-8-08 Vtec |
| (Appeals of Elmore <u>et al</u>.) } | Docket No. 187-8-08 Vtec |
| } | Docket No. 242-10-08 Vtec |

<u>Decision and Order, and Scheduling Order, on Pending Motions</u>

In Docket No. 181-8-08 Vtec, Appellants Richard Elmore, Julie Elmore, Peter Adamczyk, Lisa Adamczyk, Peter Edelmann, Jessica Ebert Edelmann, Michael Powell, Addison Powell, Mary Powell, Evelyn Intondi, and Mark Brooks (Appellants) appealed from a decision of the Development Review Board (DRB) of the Town of Colchester, granting conditional use approval to Appellee-Applicants John Powell, Christine Powell, Ann Dow, and Andrew Urquhart (Applicants) for a seven-mooring residential marina and dock. In Docket No. 187-8-08 Vtec, Appellants appealed from a DRB decision granting site plan approval to Applicants for a seawall and earthen boat ramp on the same properties. In Docket No. 242-10-08 Vtec, Appellants appealed from a DRB decision granting Preliminary Plat approval to Applicants for a seven-lot subdivision involving the same properties. Appellants are represented by Matthew T. Daly, Esq.; Applicants are represented by Heather R. Hammond, Esq. The Town has requested informational status only.

Appellants filed revised Statements of Questions intended to separate their appeal issues as to the three appeals; however, the revised Statement of Questions is identical in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec. Applicants have moved to dismiss or for partial summary judgment on Questions 1–7, 11, and 12 of the Statement of Questions in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec. Applicants have moved to dismiss or for partial summary judgment on Questions 6–10, 12, 15–21, 23–26, 28,

29(b), 29(f)–(i), and 31 of the Statement of Questions in Docket No. 242-10-08 Vtec.

Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec

Questions 3, 4, 5, 6, and 12

Applicants have moved to dismiss Questions 3, 4, 5, 6, and 12 for lack of jurisdiction of these questions in Environmental Court. Appellants do not dispute that the Court lacks jurisdiction over Questions 4, 5, 6, and 12 at this time. Accordingly, Questions 4, 5, 6, and 12 are DISMISSED in both appeals.

Question 3 asks whether the proposed project violates the Agency of Natural Resources' "[r]ules and policies regarding stream buffer zones, stream bank stabilization, and set back requirements." While § 2.19(B) of the Colchester zoning ordinance incorporates by reference the "Vermont Stormwater Manual" and the "Vermont Erosion Control Handbook," that reference is narrower than the undefined "rules and policies" referenced in Question 3. Accordingly, Question 3 in both appeals will be dismissed, effective June 26, 2009, unless Appellants move to amend it prior to that date, in which case the Court will consider the motion to amend after any responses are filed.

Questions 1, 2, 7, and 11

Applicants have also moved to dismiss Questions 1, 2, 7, and 11, asserting Appellants' lack of standing to raise these questions. Although Applicants have styled each motion as a "motion to dismiss and for summary judgment," and have submitted a Statement of Undisputed Facts and associated evidence, Appellants have responded only with memoranda, without supporting evidence, as an ordinary response to a motion to dismiss under V.R.C.P. 12.[1]

V.R.C.P. 12(c) requires the Court to treat the motion to dismiss as a motion for

---

[1] Made applicable to these appeals by V.R.E.C.P. 5(a)(2).

2

summary judgment under V.R.C.P. 56, as "matters outside the pleadings have been presented to and not excluded by the court." Accordingly, Appellants may file any supplemental responses conforming with V.R.C.P. 56 on or before June 26, 2009, and Applicants may file any reply on or before July 7, 2009.

Docket No. 242-10-08 Vtec

Questions 18, 19, 20, and 21

Applicants have moved to dismiss Questions 18, 19, 20, and 21 for a lack of jurisdiction. Appellants do not dispute that the Court lacks jurisdiction over Questions 19, 20, and 21 at this time. Accordingly, Questions 19, 20, and 21 are DISMISSED.

As in Question 3 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec, Question 18 asks whether the proposed project violates the Agency of Natural Resources' "[r]ules and policies regarding stream buffer zones, stream bank stabilization, and set back requirements." For the same reason as discussed above, Question 18 will be dismissed, effective June 26, 2009, unless Appellants move to amend it prior to that date, in which case the Court will consider the motion to amend after any responses are filed.

Questions 6, 7, 8, 9, 10, 12, 15, 16, 17, 23, 24, 25, 26, 28, 29(b), 29(f), 29(g), 29(h), 29(i), and 31

Applicants have also moved to dismiss Questions 6, 7, 8, 9, 10, 12, 15, 16, 17, 23, 24, 25, 26, 28, 29(b), 29(f), 29(g), 29(h), 29(i), and 31 based on Appellants' lack of standing to raise these questions. As in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec, Applicants have submitted a Statement of Undisputed Facts and associated evidence along with their memoranda, while Appellants have responded as to an ordinary V.R.C.P. 12 motion to dismiss. For the same reason as discussed above, pursuant to V.R.C.P. 12(c) the Court will treat the present motion as a motion for summary judgment under V.R.C.P. 56. Accordingly, Appellants may file any supplemental responses conforming with V.R.C.P. 56 on or before June 26, 2009, and Applicants may file any reply on or

3

before July 7, 2009.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Applicants' Motion to Dismiss Questions 4, 5, 6, and 12 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec is GRANTED, and Applicants' Motion to Dismiss Questions 19, 20, and 21 in Docket No. 242-10-08 Vtec is GRANTED. Applicants' Motion to Dismiss Questions 1, 2, 3, 7, and 11 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec, and to Dismiss Questions 6–10, 12, 15–18, 23–26, 28, 29(b), 29(f)–(i), and 31 in Docket No. 242-10-08 Vtec, are converted to motions for summary judgment as required by V.R.C.P. 12(c). Appellants may file any supplemental responses conforming with V.R.C.P. 56 on or before June 26, 2009, and Applicants may file any reply on or before July 7, 2009.

In addition, although the parties are correct that no motions were filed as to Questions 8, 9, and 10 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec, the Court's scheduling order of April 20, 2009 nevertheless also required Appellants to provide the Court with any provisions in the regulations applicable to conditional use approval or to site plan approval that require compliance with the cited sections of the Town Plan. This response is necessary to determine whether those questions are within the scope of conditional use approval or site plan approval, respectively; Appellants shall file the required statement on or before July 7, 2009.

Done at Berlin, Vermont, this 12th day of June, 2009.

_____
Merideth Wright
Environmental Judge

4